## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

RONALD GREEN AS THE EXECUTOR
OF THE ESTATE OF JOSEPH FUSCO,

        Petitioners

        v.

PENNSYLVANIA HOSPITAL AND
CONTRIBUTORS  TO PENNSYLVANIA
HOSPITAL AND STELLA BARBER, RN
AND SYLVIA AQUINO, RN AND LORI
YAKISH, RN AND KELLY A. CARR, RRT
AND JAMES KEARNEY, MD AND
STEVEN A. GLASSER, MD AND JOHN
D. SPRANDIO, JR., MD AND BORA LIM,
MD AND EUGENE M. LUGANO, MD
AND ANTHONY GIORGIO AND LORI J.
RHOADES,

        Respondents

: No. 89 EAL 2014
:
:
: Petition for Allowance of Appeal from the
: Order of the Superior Court
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## <u>ORDER</u>

**PER CURIAM**

     **AND NOW**, this 20th day of August, 2014, the Petition for Allowance of Appeal is **GRANTED**.  The issues, as stated by petitioner, are:

(1)    Where a physician provides emergency treatment at the request of a hospital for a person who was not previously the physician's patient, and does so negligently thereby causing the patient's death, may the patient's estate reach the jury on a claim that the hospital is vicariously liable under a theory of ostensible agency for the negligent conduct of that physician because a reasonably prudent person in the patient's position would be justified in the belief that the care in question was being rendered by the hospital or its agents?

(2)     Whether this Court's statement in footnote 8 of its ruling in <u>Freed v. Geisinger Medical Center</u>, 971 A.2d 1202, 1212 n.8 (Pa. 2009) -- that MCARE's limitation on who may provide causation testimony in a medical professional liability action against a physician does not apply where an expert witness nurse is testifying in support of a liability claim against a nurse -- permits an expert witness nurse to provide causation testimony solely on a claim against a nurse defendant in a suit where the plaintiff has also sued the doctors alleging further injuries stemming from the doctors' additional acts of negligence?